UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Akoi S., <br><br> Petitioner, <br><br> v. <br><br> Secretary of Homeland Security; Jefferson Sessions, Attorney General; Scott Banieke, ICE Field Director; and Kurt Freitag; <br><br> Respondents. | Case No. 18-cv-3157 (WMW/HB) <br><br> **REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner Akoi S. [Doc. No. 1]. For the reasons that follow, the Court recommends that the Petition be dismissed without prejudice.

**I.  Background**

**A.  Petitioner's Citizenship and Immigration Status**

Petitioner is a citizen and national of Liberia who entered the United States on September 25, 2015, and was admitted as a Lawful Permanent Resident. (McPherson Decl. ¶ 4, *Akoi v. DHS/ICE*, No. 18-cv-3021 (WMW/HB) (D. Minn. Dec. 6, 2018), ECF No. 12 (hereinafter "McPherson Decl.").)

**B.  Petitioner's Criminal History**

On July 11, 2016, Petitioner was convicted in Hennepin County District Court of domestic assault, in violation of Minn. Stat. § 609.2242, subd. 1(1). (McPherson Decl. ¶ 5, Ex. 3.) Petitioner was sentenced to 90 days. (McPherson Decl. ¶ 5, Ex. 3.) On

1

December 22, 2017, Petitioner was convicted in Hennepin County District Court for violating an order for protection in violation of Minn. Stat. § 518B.01, subd. 14(b). (McPherson Decl. ¶ 6, Ex. 3.) He again was sentenced to 90 days. (McPherson Decl. ¶ 6, Ex. 3.) On February 6, 2018, Petitioner entered a plea of guilty in Hennepin County District Court for violating two or more orders for protection within ten years, in violation of Minn. Stat. § 518B.01, subd. 14(d)(1). (McPherson Decl. ¶ 7, Ex. 3.)

    C.    **The Removal Proceedings**

Immigration officials commenced removal proceedings against Petitioner in early February 2018. On February 6, 2018, immigration officials arrested Petitioner at the Hennepin County Jail and booked him into the Carver County Jail. (McPherson Decl. ¶ 8., Ex. 4.) The following day, immigration officials served Petitioner with a Notice to Appear, charging him as removable under 8 U.S.C. § 1227(a)(2)(E)(ii) as an alien who had been enjoined under an order for protection and who had violated the order. (McPherson Decl. ¶ 9, Ex. 1.)

An Immigration Judge ("IJ") conducted several hearings in connection with Petitioner's removal. On February 20, 2018, an IJ held a bond hearing. (McPherson Decl. ¶ 10.) Petitioner requested a continuance to find an attorney, and the IJ granted a continuance and reset the hearing for March 5, 2018. (McPherson Decl. ¶ 10.) On February 22, 2018, the IJ held a "master hearing," at which Petitioner again requested a continuance to find an attorney. (McPherson Decl. ¶ 11.) The IJ granted the request and rescheduled the master hearing for March 15, 2018. (McPherson Decl. ¶ 11.) At the March 5, 2018, bond hearing, the IJ denied Petitioner bond, and the parties waived an

appeal.  (McPherson Decl. ¶ 12, Ex. 5.)

On March 15, 2018, the IJ convened the merits hearing in Petitioner's case, took testimony, and admitted documents into evidence.  (McPherson Decl. ¶ 13, Ex. 6.)  The IJ issued a decision in Petitioner's case on May 8, 2018, ordering Petitioner removed to Liberia.  (McPherson Decl. ¶ 14, Ex. 6.)  Petitioner's applications for relief from removal, including voluntary departure, asylum, withholding of removal, and relief under the Convention Against Torture were all denied.  (McPherson Decl. ¶ 14, Ex. 6.)

Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA").  (McPherson Decl. ¶ 15.)  On July 18, 2018, the BIA provided notice of the briefing schedule and granted both parties until August 8, 2018, to submit briefs.  (McPherson Decl. ¶ 15, Ex. 7.)  On October 3, 2018, the BIA affirmed the IJ's decision and sustained the charge of removability against Petitioner.  (McPherson Decl. ¶ 16, Ex. 8.)  The BIA also denied all of Petitioner's claims for relief and ordered his removal to Liberia.  (McPherson Decl. ¶ 16, Ex. 8.)

With a final order of removal in place, immigration officials moved to implement the removal of Petitioner to Liberia.  On October 16, 2018, immigration officials issued Petitioner a Warrant of Removal/Deportation.  (McPherson Decl. ¶ 17, Ex. 9.)  The next day, immigration officials sent Petitioner a Warning for Failure to Depart (McPherson Decl. ¶ 18, Ex. 10), and a Notice to Alien of File Custody Review, stating that Petitioner's detention would be administratively reviewed on or about January 1, 2019 (McPherson Decl. ¶ 19, Ex. 11).  Immigration officials simultaneously sent a formal request to the Liberian Embassy in Washington, D.C., for travel documents for Petitioner.

(McPherson Decl. ¶ 20.)

### D. The Appeal Proceedings

On October 26, 2018, Petitioner filed a petition for review of the BIA decision with the Eighth Circuit Court of Appeals. (McPherson Decl. ¶ 21, Ex. 12.) Three days later, on October 29, 2018, Petitioner filed a motion to stay his removal with the Eighth Circuit. (McPherson Decl. ¶ 22, Ex. 12.) On November 5, 2018 the Eighth Circuit denied the motion to stay. (McPherson Decl. ¶ 24.) Petitioner's appeal at the Eighth Circuit remains pending, and briefing is ongoing. *See* General Docket, *Akoi S. v. Barr*, No. 18-3303 (8th Cir. Oct. 26, 2018).

### E. Federal Habeas Proceedings

Petitioner filed the instant Petition on October 5, 2018, presenting one ground for relief: that his detention by immigration authorities has been unnecessarily prolonged. (Pet. at 7.) Respondents filed their response to the Petition on December 12, 2018 [Doc. No. 7], and Petitioner filed a reply on January 11, 2019 [Doc. No. 11].

Petitioner initiated a separate federal habeas action, *Akoi v. DHS/ICE*, No. 18-cv-3021 (WMW/HB), on October 26, 2018, challenging the final order of removal. The District Court transferred that matter to the Eighth Circuit Court of Appeals for lack of subject matter jurisdiction. *Akoi*, No. 18-cv-3021 (WMW/HB), slip op. at 3-4 (D. Minn. Dec. 17, 2018).

The basis for habeas relief in the matter now before the Eighth Circuit (a challenge to a final administrative order of removal) differs from the basis for habeas relief raised in this action (a challenge to the length of immigration detention). The Court has

jurisdiction over an alien's constitutional challenge to the length of his detention. *Jennings v. Rodriguez*, 138 S. Ct. 830, 839-41 (2018). Consequently, the Court will address the merits of the Petition filed in this case.

## II.   Discussion

As applicable here, 28 U.S.C. § 2241 provides that a "writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). An individual may challenge the constitutionality of his immigration detention pending removal through a § 2241 petition. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Petitioner is subject to a final order of removal. With certain statutory exceptions, the Attorney General must remove aliens such as Petitioner within 90 days. 8 U.S.C. § 1231(a)(1)(A); *Zadvydas*, 533 U.S. at 682. The removal period begins on the latest of the following dates:

> (i)   The date the order of removal becomes administratively final.
>
> (ii)  If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id*. § 1231(a)(1)(B). The relevant federal regulation provides that:

> An order of removal made by the immigration judge at the conclusion of the proceedings under section 240 of the Act shall become final:
>
> > (a) Upon dismissal of an appeal by the Board of Immigration Appeals;
> >
> > (b) Upon waiver of appeal by the respondent;

>
> (c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time;
>
> (d) If certified to the Board or Attorney General, upon the date of the subsequent decision ordering removal; or
>
> (e) If an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period, or upon the failure to post a required voluntary department bond within 5 business days.  If the respondent has filed a timely appeal with the Board, the order shall become final upon an order of removal by the Board or the Attorney General, or upon overstay of the voluntary departure period granted or reinstated by the Board or the Attorney General.

8 C.F.R § 1241.1.  Pursuant to 8 U.S.C. § 1231(a)(2), the Attorney General must detain the alien during the 90-day post-removal-order period.

In the present case, Petitioner's 90-day removal period began on October 3, 2018, when the BIA affirmed the Immigration Judge's decision, sustained the charge of removability against Petitioner, and denied all of Petitioner's claims to relief and ordered Petitioner's removal to Liberia.[1]  The initial 90-day removal period concluded on January 1, 2019, at which time Petitioner's continued detention presumably became authorized by § 1231(a)(6).  (*See* Resp'ts' Resp. at 8 [Doc. No. 7] (noting that immigration officials would make a determination pursuant to § 1231(a)(6) regarding the continuation of Petitioner's detention prior to the expiration of the initial 90-day removal

---

[1] The beginning of the removal period is not affected by Petitioner's appeal because the Eighth Circuit did not issue a stay. *See Gahamanyi v. Baniecke*, No. 07-4007 (RHK/RLE), 2008 WL 5071098, at *9 (D. Minn. Oct. 17, 2008) (finding that the removal period began when the BIA issued its ruling, not when the Eighth Circuit denied a motion to stay).

period).)[2]

The Attorney General has discretion under § 1231(a)(6) to detain aliens who meet certain criteria after the initial 90-day period has expired:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6); *see Bah v. Cangemi*, 489 F. Supp. 2d 905, 915 (D. Minn. 2007). "The language of § 1231(a)(6) is permissive, not restrictive. Nowhere does the language limit the government's ability to detain aliens after the 90-day removal period has run." *Bah*, 489 F. Supp. 2d at 915.

In *Zadvydas*, the Supreme Court held § 1231(a)(6) did not permit indefinite detention, but only detention "reasonably necessary to bring about the alien's removal from the United States." 533 U.S. at 689-90. The *Zadvydas* Court held it is "presumptively reasonable to keep an alien subject to a final removal order in custody for a total of six months." *Bah*, 489 F. Supp. 2d at 916 (citing *Zadvydas*, 533 U.S. at 701). Thus, for a habeas claim to be viable after *Zadvydas*, the six-month period considered "presumptively reasonable" must have expired before the petition is filed. *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (*per curiam*) ("A petition filed before the expiration date of the presumptively reasonable six months of detention [prescribed by *Zadvydas*] is properly dismissed as premature.").

---

[2] Respondents did not provide an update to the Court on the status of Petitioner's detention since the expiration of the initial 90-day period on January 1, 2019.

Here, Petitioner's detention is presently within the presumptively reasonable six-month period, which will expire on April 3, 2019. Consequently, Petitioner is not now entitled to federal habeas relief, and his Petition is premature. *See Martinez-Senan v. Tritten*, No. 17-cv-5080 (WMW/BRT), 2018 WL 1226110, at *1 (D. Minn. Mar. 9, 2018).

Furthermore, the *Zadvydas* court did not construe the six-month mark as a red line, beyond which "every alien not removed must be released." *See* 533 U.S. at 701. Rather, "[a]fter this six-month period, once the alien provides good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* As a result, even if the Court found Petitioner had met his burden to show that his removal in the reasonably foreseeable future was not likely, Respondents would be afforded an opportunity to respond to such an argument. Therefore, and because future circumstances may affect the reasonableness of Petitioner's continued detention, the Court recommends that the Petition be dismissed without prejudice.

### III. Recommendation

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus [Doc No. 1] be **DISMISSED WITHOUT PREJUDICE**.

Dated:  March 7, 2019       s/ *Hildy Bowbeer*
                            HILDY BOWBEER
                            United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.  Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).